IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMEN BROWN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-0228 |
| | : | |
| PHILADELPHIA POLICE | : | |
| DEPARTMENT, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**MCHUGH, J.**                                                                                    **JANUARY 30, 2023**

Plaintiff Amen Brown brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Brown seeks to proceed *in forma pauperis*. Because it appears that Brown cannot afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Court will dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.      FACTUAL ALLEGATIONS**

Mr. Brown brings this civil action against the Philadelphia Police Department ("PPD") and the Falls Township Police Department ("FTPD"), averring that both departments have "violat[ed] [his] human rights through the use of unethical surveillance tactics, harassment, and psychological warfare." (Compl. (ECF No. 1) at 2.)[1] More specifically, Brown contends that beginning in 2021, the Defendants have engaged "in a pattern of unethical surveillance tactics against [him], including . . . monitoring [his] phone calls, tracking [his] movements, and monitoring [his] social media activity." (*Id.*) Brown further avers that the PPD and FTPD have

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

engaged in a pattern of harassment against him, including "following [him] in public, approaching [him] in a menacing manner, and making false accusations against [him]." (*Id.* at 3.)  The PPD and FTPD have "threaten[ed] [Brown] with arrest" and "made false accusations" against him causing him to suffer "fear and distress." (*Id.*)  Because of Defendants' actions, Brown alleges that he has been incarcerated and has suffered from various mental illnesses and emotional distress.  (*Id.*)

Mr. Brown contends that the actions of PPD and FTPD have violated his "rights to privacy and freedom from unreasonable search and seizure" as well as his rights "to be free from harassment[,] . . . psychological warfare, discrimination and retaliation based on [his] race, gender, sexual orientation, and/or other protected characteristics." (*Id.* at 4.)  Brown seeks "an order enjoining the PPD and FTPD from engaging in any further unethical surveillance tactics, harassment, or psychological warfare" against him. (*Id.*)  He also seeks monetary damages in the amount of $500,000 for "the harm and distress" he has suffered because of Defendants' actions. (*Id.*)

## II.   STANDARD OF REVIEW

The Court will grant Brown leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, the Complaint fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Brown is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

As noted above, the Complaint reflects Brown's intention to raise civil rights claims pursuant to § 1983, the vehicle by which federal constitutional claims may be brought against state actors in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a §1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Brown's Complaint must be dismissed because the only parties he has named, PPD and FTPD, are not proper entities subject to suit under § 1983. A police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g., Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere

sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality).

Furthermore, agencies of the City of Philadelphia, such as the PPD, do not have a separate legal existence from the City. *See Vurimindi v. City of Philadelphia*, No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (observing that under 53 Pa. Cons. Stat. § 16257, "no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia"); *Bush v. City of Philadelphia Police Dep't*, 684 F. Supp. 2d 634, 636 (E.D. Pa. 2010) (dismissing the Philadelphia Police Department as a matter of law because it is not a legal entity separate from the City of Philadelphia). Accordingly, the Court will dismiss all claims against the PPD and FTPD because they are not plausible.[2]

The Court has an additional concern that Mr. Brown's allegations are totally lacking in any detail. He does not plead specific facts that might support a claim, and the vagueness and generality of the Complaint would constitute a separate basis for dismissal. However, because the Court cannot say that Brown will never be able to assert plausible claims based on an unreasonable search or seizure or discrimination,[3] the dismissal of the Complaint will be without

---

[2] Even if Brown intended to raise claims against the City of Philadelphia or Falls Township, as opposed to their police departments, those claims fail because nothing in the Complaint alleges that the conduct of which Brown complains resulted from a municipal policy or custom. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). To assert a plausible *Monell* claim, the plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).

[3] The elements of a § 1983 claim for unreasonable search and seizure are (1) the actions of the police officers constituted a search or seizure within the meaning of the Fourth

4

prejudice and Brown will be granted an opportunity to file an amended complaint if he is able to name a defendant that was personally involved in the violation of his civil rights and set forth the claim with sufficient facts.

IV.   **CONCLUSION**

For the foregoing reasons, the Court will grant Mr. Brown leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate Order follows with additional instruction on amendment.

BY THE COURT:

/s/ Gerald Austin McHugh

GERALD A. MCHUGH, J.

---

Amendment; and (2) the actions were unreasonable in light of the surrounding circumstances. *Brower v. Cnty. of Inyo*, 489 U.S. 593, 597-99 (1989).

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Plaintiffs pursuing an equal protection claim must allege that they were purposefully discriminated against, in that "they received different treatment from that received by other individuals *similarly situated*." *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005) (emphasis in original); *Wilson v. Schillinger*, 761 F.2d 921, 929 (3d Cir. 1985) (a litigant must show "intentional or purposeful discrimination" to establish an equal protection violation). "Persons are 'similarly situated' for purposes of an equal protection claim when 'they are alike in all relevant aspects.'" *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (emphasis omitted).